UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARMANDO CORTES, individually and on behalf of all other persons similarly situated, | ECF CASE |
| Plaintiff, | No.: _____ |
| v. | CLASS AND COLLECTIVE ACTION COMPLAINT |
| GRACE 365 GROUP LLC, d/b/a Macchina, HANOVER VENTURES, LLC, ANDRES VALBUENA, and RAMON MORADO, jointly and severally, | JURY TRIAL DEMANDED |
| Defendants. | |

NATURE OF THE ACTION

1.    Plaintiff Armando Cortes ("Plaintiff") worked for Grace 365 Group LLC d/b/a Macchina ("Macchina"), Hanover Ventures, LLC, Andres Valbuena ("Valbuena") and Ramon Morado ("Morado," collectively "Defendants") as a busser, food runner and waiter at Macchina from in or around May 2018 to in or around May 2019.

2.    Plaintiff alleges, on his behalf and other similarly situated current and former employees of Defendants, under Fed. R. Civ. P. 23 (a) and (b), that Defendants willfully violated the New York Labor Law by (i) failing to pay the minimum wage, (ii) failing to pay overtime premium pay, (iii) failing to pay spread-of-hours pay; (iv) failing to provide the Notice and Acknowledgement of Payrate and Payday under N.Y. Lab. Law § 195.1; and (v) failing to provide an accurate wage statement under N.Y. Lab. Law § 195.3 with every wage payment.

3.    Plaintiff alleges on his behalf and other similarly situated current and former employees of Defendants and those who elect to opt into this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that Defendants willfully violated

the FLSA by (i) failing to pay the minimum wage, and (ii) failing to pay overtime premium pay.

## JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's FLSA claims under 29 U.S.C. § 216(b).

5.    Venue is proper in this District under 28 U.S.C. §§1391(b)(1) and (2).

6.    This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

7.    Plaintiff was and is, at all relevant times, an adult individual residing in Bronx, New York.

8.    Defendants jointly employed Plaintiff and other individuals at all times relevant.

9.    Each Defendant had substantial control over Plaintiff's and other individuals' working conditions, and over the unlawful policies and practices alleged herein.

10.    Defendants are part of a single integrated enterprise that has jointly employed Plaintiff and similarly situated employees at all relevant times.

11.    During all relevant times, Defendants' operations are interrelated and unified.

12.     During all relevant times, Defendants have applied the same employment policies, practices, and procedures to all bussers, food runners and waiters.

13.     During all relevant times, Defendants have controlled the labor relations of Macchina.

14.     During all relevant times, Defendants have been Plaintiff's employer within the meaning of the FLSA and NYLL.

Grace 365 Group LLC d/b/a Macchina[1]

15.     Together with the other Defendants, Grace 365 Group LLC has owned and operated Macchina during the relevant time period.

16.     Grace 365 Group LLC is a domestic limited liability company organized and existing under the law of New York. It lists its DOS Process address as "93 Pearl Street, New York, New York 10004," and maintains a principal place of business at 365 3rd Avenue, New York, New York 10016.

17.     Grace 365 Group LLC has done business as Macchina throughout the relevant time period.

18.     Grace 365 Group LLC is listed as the premises name for Macchina under the New York State Liquor Authority.

19.     Plaintiff received checks that listed Grace 365 Group LLC under the company name.

20.     At all relevant times, Grace 365 Group LLC has maintained control, oversight, and direction over the Plaintiff and similarly situated employees, including, but

---

[1] These subject lines are included for organizational purposes only.

not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

21.     Grace 365 Group LLC applies the same employment policies, practices, and procedures to all bussers, food runners, and waiters at Macchina, including policies, practices, and procedures with respect to payment of wages.

22.     Defendant Grace 365 Group LLC d/b/a Macchina is, upon information and belief, an enterprise engaged in commerce or in the production of goods for commerce. Defendant Macchina is engaged in commerce or in the production of goods for commerce, because, *inter alia*, it has employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, its annual gross volume of business is at least $500,000.00. These goods and materials that have been produced for and moved in commerce, which its employees have handled, include, but are not limited to, food, beverages, computers, glassware, silverware and plates.

Hanover Venture, LLC

23.     Together with the other Defendants, Hanover Ventures, LLC, has owned and operated Macchina during the relevant time period.

24.     Hanover Ventures, LLC is a domestic limited liability company organized and existing under the laws of New York. It lists its DOS Process address as "210 40th Street, Brooklyn, New York 11232."

25.     Hanover Ventures, LLC is listed as a Principal for Macchina under the New York State Liquor Authority.

26.     At all relevant times, Hanover Ventures, LLC has maintained control, oversight, and direction over the Plaintiff and similarly situated employees, including hiring, firing, disciplining, timekeeping, payroll and other employment practices.

27.     Hanover Ventures, LLC applies the same employment policies, practices, and procedures to all bussers, food runners, and waiters at Macchina, including policies, practices, and procedures with respect to payment of wages.

28.     Hanover Ventures, LLC is, upon information and belief, an enterprise engaged in commerce or in the production of goods for commerce. Defendant Macchina is engaged in commerce or in the production of goods for commerce, because, *inter alia*, it has employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, its annual gross volume of business is at least $500,000.00. These goods and materials that have been produced for and moved in commerce, which its employees have handled, include, but are not limited to, food, beverages, computers, glassware, silverware and plates.

Individual Defendants Andres Valbuena and Ramon Morado

29.     Defendant Andres Valbuena, upon information and belief, owns, operates and controls Defendant Macchina's day-to-day operations and management and jointly employed Plaintiff and other similarly situated employees at all relevant times.

30.     Defendant Ramon Morado, upon information and belief, owns, operates and controls Defendant Macchina's day-to-day operations and management and jointly employed Plaintiff and other similarly situated employees at all relevant times.

31.     Each individual Defendant, either directly or indirectly, has hired and fired Plaintiff and other employees, controlled their work schedule and employment conditions, and determined their payment rate and method.

32.     Defendants Valbuena and Morado are regularly present at the restaurant, interacting with customers and employees; they instruct employees what tasks to perform; they have the authority to hire and fire employees, change employees' pay and employee's schedules; and they are required by law to keep records regarding their employees' hours worked and compensation.

## STATEMENT OF FACTS

33.     Macchina is an Italian restaurant located at 365 3rd Avenue, New York, New York 10016.

### Duties Performed and Hours Worked

34.     Defendants employed Plaintiff Cortes as a busser and food runner from in or around May 2018 until in or around February 2019, and as a waiter from in or around March 2019 until in or around May 2019.

35.     Plaintiff, as a busser and food runner, was responsible for cleaning and setting tables, cleaning the restaurant, polishing silverware, bringing food from the kitchen to the customers, among other miscellaneous duties.

36.     Plaintiff, as a waiter, was responsible for taking food and drink orders from customers, and delivering food to customers.

37.     During his employment with Defendants, due to high turnover, upon information and belief, Plaintiff worked with at least between 5 and 10 other bussers, food runners, and waiters. From personally observing and speaking with them, Plaintiff

knows that his coworkers performed the same primary duties as him and were compensated in the same manner by Defendants.

38.     Monday through Friday ("Weekday Shifts"), Plaintiff generally worked from approximately 2:00 p.m. until the close of the restaurant, which typically occurred at approximately 11:00 p.m. or later. As such, Plaintiff worked approximately 9-hour shifts during his weekday shifts.

39.     On Saturday or Sunday ("Weekend Shifts"), Plaintiff generally worked from approximately 9:00 a.m. until the close of the restaurant, which typically occurred at approximately 12:00 a.m. or later. As such, Plaintiff worked approximately 15-hour shifts during his weekend shifts.

40.     In or around May 2018, Plaintiff worked 7 days per week. During this time, Plaintiff worked approximately 70 hours or more per week.

41.     In or around June 2018, Plaintiff worked 6 days per week. During this time, Plaintiff worked approximately 60 hours or more per week.

42.     From in or around July 2018 until in or around May 2019, Plaintiff worked 5 days per week. During this time, Plaintiff worked approximately 50 hours or more per week.

43.     During his employment with Defendants, Plaintiff worked more than 40 hours in any given week.

44.     The weekly work schedule consists and consisted of 4 to 5 individuals working as waiters and 2 to 3 individuals working as bussers and food runners.

45.     From speaking with his coworkers and personal observations, Plaintiff knows that other waiters, bussers, and food runners were, like him, regularly scheduled to work and did, in fact, work more than 40 hours in a week.

46.     When Plaintiff and other individuals worked for Defendants, they were not given any meal break period for any weekday shift. During weekend shifts, Plaintiff and other individuals were frequently required to perform work during or before the conclusion of any meal break provided.

47.     Plaintiff and other restaurant staff regularly did not have uninterrupted meal breaks.

Hourly Rate, Gratuities, Overtime, Spread-of-Hours Pay, Deductions

48.     Plaintiff was paid $7.00 per hour for all of his hours worked during his employment with Defendants. As such, Defendants paid Plaintiff below the minimum wage requirements of the FLSA and the NYLL for the entirety of his employment.

49.     The applicable minimum wage and "tipped minimum wage" under New York and Federal law during the applicable years were as follows:

| Year | FLSA Min. Wage[2] | FLSA Tipped Min. Wage[3] | Labor Law Min. Wage[4] | Labor Law Tipped Min. Wage[5] |
|------|-------------------|--------------------------|------------------------|-------------------------------|
| 2018 | $7.25 | $2.13 | $13.00 | $8.65 |
| 2019 | $7.25 | $2.13 | $15.00 | $9.25 |

50.     While employed as a busser and food runner, Plaintiff was not employed in a tipped position. As such, all of Plaintiff's work was non-tipped work and Defendants

---

[2] http://www.dol.gov/whd/minwage/coverage.htm (last visited September 24, 2020).
[3] *Id.*
[4] https://www.labor.ny.gov/workerprotection/laborstandards/workprot/minwage.shtm (last visited September 24, 2020).
[5] https://www.dol.gov/agencies/whd/state/minimum-wage/tipped (last visited September 24, 2020).

cannot claim any "tip credit": the difference between the statutory minimum wage and the rate tipped employees may be paid against the unpaid minimum wages owed to the Plaintiff.

51.     While employed as a waiter, Defendants did not allow Plaintiff and all similarly situated employees to retain all of their tips and as such Defendants cannot claim any "tip credit."

52.     Although Plaintiff and other similarly situated employees regularly worked more than 40 hours per week, Defendants did not pay Plaintiffs overtime premium pay: 1.5 times their regular hourly rate.

53.     Plaintiff's effective hourly rate was below Federal and New York's minimum wage for all relevant years.

54.     For days that Plaintiff worked more than 10 hours in a day, Defendants did not pay him spread-of-hours pay: an extra hour at the minimum wage.

55.     From speaking with them, Plaintiff knows that other waiters, bussers and food runners, like him, were paid below the statutory minimum wage, were not paid overtime premium pay, and were not paid spread-of-hours pay.

Labor Law Notice and Wage Statement Violations

56.     Defendants failed to provide Plaintiff and other similarly situated employees with the Notice and Acknowledgment of Payrate and Payday under N.Y. Lab. Law § 195.1 when he was hired or at any point during his employment.

57.     Likewise, Defendants did not provide Plaintiff and other similarly situated employees with accurate wage statements under N.Y. Lab. Law § 195.3 with any wage payment.

58.     Defendants did not post at the restaurant a poster advising Plaintiff and other employees of their right to a minimum wage and overtime premium pay.

CLASS ACTION ALLEGATIONS

59.     Plaintiff assert these allegations and claims on his own and on behalf of a class of persons under Fed. R. Civ. P. 23(a), (b)(2) and (b)(3):

> All persons whom Defendants employ and have employed who were waitstaff, bussers, or food runners, and other comparable positions with different titles, at any time since October 19, 2014 to the entry of judgment in this case (the "Class Period"), who were non-exempt employees within the meaning of the New York Labor Law (the "Class Members").

60.     The Class Members identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within Defendants' sole control, upon information and belief, more than 30 Class Members exist.

61.     Plaintiff's claims are typical of the Class Members', and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

62.     Defendants have acted or refused to act on grounds generally applicable to the Class Members, making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class Members.

63.     Plaintiff is committed to pursuing this action and has retained competent counsel experienced in employment law, wage and hour law, and class action litigation.

64.     Plaintiff has the same interest in this matter as all other Class Members and their claims are typical of Class Members'.

65.     Common questions of law and fact exist as to the Class Members that predominate over any questions solely affecting the individual Class Members, including but not limited to:

a.     whether Defendants employed Plaintiff and the Class Members, individually or jointly, within the meaning of the Labor Law;

b.     whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and the Class Members;

c.     what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

d.     whether Defendants failed or refused to pay the Class Members minimum wages, overtime premium pay for all hours worked in excess of forty (40) hours per workweek, and spread-of-hours pay;

e.     whether Defendants qualify for the "tip credit" and whether they gave the Class Members proper notice of the "tip credit" as required by 12 N.Y.C.R.R. §§ 146-1.3 and -2.2;

f.     whether Defendants maintained adequate records of the tips that the Class Members received;

g.     whether Defendants failed to provide the Class Members with wage notices and wages statements under Labor Law §§ 195.1 and 195.3;

h. whether Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided under the Labor Law in any area where Plaintiff and the Class Members are employed;

i. whether the individual Defendants participated in the day-to-day management of the restaurant and are "joint employers" and liable to Plaintiff and the Class Members;

j. whether Defendants are liable for all damages claimed hereunder, including but not limited to, interest, costs and disbursements and attorneys' fees; and

k. whether Defendants should be enjoined from such violations of the Labor Law in the future.

<u>COLLECTIVE ACTION ALLEGATIONS</u>

66. Under 29 U.S.C. § 206, Plaintiff seeks to assert these allegations and claims as a collective action:

All persons whom Defendants employ and have employed who were wait staff, bussers, or food runners, and other comparable positions with different titles, at any time since October 19, 2017 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA (the "Collective Action Members").

67. Plaintiff and the Collective Action Members are similarly situated on several legal and factual issues, including but not limited to:

a. whether Defendants employed the Collective Action Members within the meaning of the FLSA;

b. whether the Collective Action Members performed similar duties;

c. whether Defendants failed to keep true and accurate time records for all hours Plaintiff and the Collective Action Members worked;

d.      what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

e.      whether Defendants willfully or recklessly violated the FLSA;

f.      whether Defendants failed to pay the Collective Action Members minimum wages, and overtime compensation for hours worked in excess of forty (40) hours per workweek, violating the FLSA and the regulations promulgated thereunder;

g.      whether Defendants are entitled to avail themselves of the "tip credit" for unlawfully retaining the tips, requiring Plaintiffs to perform more than twenty percent (20 %) Non-Tipped Work, and failing to properly inform the Collective Action Members of the "tip credit";

h.      whether Defendants should be enjoined from such violations of the FLSA in the future; and

i.      whether the statute of limitations should be estopped or equitably tolled due to Defendants' statutory violations.

<u>FIRST CAUSE OF ACTION</u>
FAILURE TO PAY THE MINIMUM WAGE UNDER THE FLSA
(On Behalf of Plaintiff and the Collective Action Members)

68.      Plaintiff repeats and realleges every allegation of the preceding paragraphs as if set forth fully herein.

69.      Plaintiff consents in writing to be a party to this action under 29 U.S.C. §216(b), which is attached to this Complaint and incorporated by reference.

70.      Defendants employed, and/or continue to employ, Plaintiff and the Collective Action Members within the meaning of the FLSA.

71.     Defendants knowingly failed to pay Plaintiff and the Collective Action Members the minimum wages to which they were entitled under the FLSA.

72.     Defendants were required to pay Plaintiff and the Collective Action Members the full minimum wage rate for all hours worked.

73.     Defendants failed to pay Plaintiff and the Collective Action Members at the minimum wage for all hours worked.

74.     Defendants were and are not permitted to avail themselves of the federal tipped minimum wage rate under the FLSA, 29 U.S.C. § 203(m) and 29 C.F.R. § 531.59, because: (i) Defendants failed to inform Plaintiff and the Collective Action Members of the provisions of the FLSA, 29 U.S.C. § 203(m); (ii) Defendants required Plaintiff to perform Non-Tipped Work for more than twenty percent (20%) of their work; and (iii) Defendants retained a portion of Plaintiff and the Collective Action Members' tips.

75.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies under 29 U.S.C. § 255 and should be equitably tolled between the filing of this lawsuit and when the Court conditionally certifies the collective action.

76.     As a result of Defendants' FLSA violations, Plaintiff and the Collective Action Members have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation under 29 U.S.C. § 216(b), and such other legal and equitable relief as this Court deems just and proper.

SECOND CAUSE OF ACTION
FAILURE TO PAY OVERTIME PREMIUM PAY UNDER THE FLSA
(On Behalf of Plaintiff and the Collective Action Members)

77.     Plaintiff repeats and realleges every allegation of the preceding paragraphs as if set forth fully herein.

78.     Defendants were required to pay Plaintiff and the Collective Action Members no less than 1.5 times the regular rate at which they were paid for all hours worked in excess of 40 hours in a workweek under the overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

79.     At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to their employees for their hours worked in excess of 40 hours per workweek.

80.     Defendants were aware or should have been aware that the practices described in this Complaint were unlawful, making their violations willful or reckless.

81.     Defendants have not made a good faith effort to comply with the FLSA with respect to Plaintiff and the Collective Action Members' compensation.

82.     Defendants have failed to make, keep and preserve records with respect to their employees sufficient to determine the wages, hours, and other conditions and practices of employment, violating the FLSA, 29 U.S.C. §§ 201, 207(a)(1) and 215(a).

83.     In failing to compensate Plaintiff and the Collective Action Members for all compensable hours worked, Defendants violated the FLSA and the regulations thereunder, including 29 C.F.R. §§ 785.13, 785.11.

**FAILURE TO PAY THE MINIMUM WAGE**
**UNDER THE NEW YORK LABOR LAW**
(On Behalf of Plaintiff and the Class Action Members)

84.    Plaintiff, on behalf of himself and the Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

85.    Defendants are "employers" within the meaning of Labor Law §§ 190, 196-d, 651(5), 652 and supporting New York Statement Department of Labor Regulations and employed Plaintiff and the Class Members.

86.    The wage payment provisions of Article 6 of the Labor Law and supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff and the Class Members.

87.    Under the Labor Law and supporting New York Statement Department of Labor Regulations, Defendants were required to pay Plaintiff and the Class Members the statutory minimum wage.

88.    Upon information and belief, Defendants failed to post, in a conspicuous place upon their premises a notice issued by the New York State Department of Labor summarizing minimum wage provisions, violating the Labor Law and supporting New York State Department of Labor Regulations. 12 N.Y.C.R.R. § 137-2.3, *et seq.*

89.    Upon information and belief, Defendants failed to furnish Plaintiff and the Class Members a statement with every wage payment listing the correct hours worked, rates paid, allowances taken, gross wages, violating the Labor Law and supporting New York State Department of Labor Regulations. 12 N.Y.C.R.R. § 137-2.2, *et seq.*

90.    Defendants failed to pay the Class Members the statutory minimum wage for each hour worked, making them liable for those hours at the statutory minimum wage.

91.     Defendants were and are not eligible to avail themselves of the Labor Law tipped minimum wage rate under 12 N.Y.C.C.R.R. §§ 137-2.1, 2.2 because: (i) Defendants failed to inform Plaintiff and the Class Action Members of the provisions of Labor Law's tip credit provisions; (ii) Defendants required Plaintiff to perform Non-Tipped Work for more than twenty percent (20%) of his work; and (iii) Defendants retained a portion of Plaintiff's and the Class Action Members' tips.

92.     Defendants are accordingly liable to Plaintiff and the Class Action Members for the unpaid hourly minimum wage for all the hours worked.

93.     Defendants have willfully violated the Labor Law by knowingly and intentionally failing to pay the Class Members the minimum wage.

94.     Due to Defendants' Labor Law violations, Plaintiff and the Class Members are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre and post-judgment interest.

FOURTH CAUSE OF ACTION
FAILURE TO PAY THE OVERTIME PREMIUM PAY
UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff and the Class Action Members)

95.     Plaintiff, on behalf of himself and the Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

96.     Under the Labor Law and supporting New York Statement Department of Labor Regulations, Defendants were required to pay Plaintiff and the Class Members one and 1.5 times their regular rate of pay for all hours they worked in excess of 40 per workweek.

97.     Defendants failed to pay the Class Members the overtime wages to which they were entitled, violating N.Y. Lab Law § 650 and Part 146, § 146-1.4of Title 12 of

the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act.

98.     In failing to compensate Plaintiff and the Class Members for all compensable hours worked, Defendants violated the Labor Law and the regulations thereunder, 12 N.Y.C.R.R. §§ 146-1.2, 1.4.

99.     Defendants willfully violated the Labor Law by knowingly and intentionally failing to pay the Class Members the correct amount of overtime wages.

100.     Due to Defendants' Labor Law violations, Plaintiff and the Class Members are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

FIFTH CAUSE OF ACTION
FAILURE TO PAY SPREAD-OF-HOURS PAY
UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff and the Class Action Members)

101.     Plaintiff, on behalf of himself and the Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

102.     Defendants failed to pay Plaintiff and the Class Members additional compensation for one hour's pay at the basic minimum hourly wage for each day during which they worked more than 10 hours (i.e., "spread-of-hours pay"), violating 12 N.Y.C.R.R. § 146-1.6.

103.     By failing to pay Plaintiff and the Class Members spread-of-hours pay, Defendants have willfully violated the New York Lab. Law Article 19, §§ 650 et seq. and the supporting New York State Department of Labor Regulations.

104.     Due to Defendants' Labor Law violations, Plaintiff and the Class Members are entitled to recover from Defendants their unpaid spread-of-hours wages, statutory liquidated damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

<u>SIXTH CAUSE OF ACTION</u>
FAILURE TO PROVIDE 195.1 NOTICE UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff and the Class Action Members)

105.     Plaintiff repeats and realleges each and every allegation of the preceding paragraphs as if fully set forth herein.

106.     Defendants have willfully failed to supply Plaintiff and the Class Members with the required Notice and Acknowledgement of Pay Rate and Payday under Labor Law § 195.1(a) within ten business days of their first employment date.

107.     Due to Defendants' violations of Labor Law § 195.1, Plaintiff and the Class Members are entitled to recover from Defendants $50.00 for each work day that the violations occurred or continue to occur, or a total of $5,000.00, reasonable attorneys' fees, costs, injunctive and declaratory relief. New York. Lab. Law § 198(1)-b (2016).

<u>SEVENTH CAUSE OF ACTION</u>
FAILURE TO PROVIDE 195.3 WAGE STATEMENT
UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff and the Class Action Members)

108.     Plaintiff repeats and realleges each and every allegation of the preceding paragraphs as if fully set forth herein.

109.     Defendants have willfully failed to supply Plaintiff and the Class Members with the required statement with every payment of wages, violating Labor Law § 195.3.

110.     Due to Defendants' violations of Labor Law § 195.3, Plaintiff and the Rule 23 Class Members are entitled to recover from Defendants $100.00 for each work

week that the violations occurred or continue to occur, or a total of $5,000.00, as provided for by Labor Law § 198(1)-d, reasonable attorneys' fees, costs, injunctive and declaratory relief.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the Class and Collective Action Members, respectfully requests this Court grant the following relief:

a.　　Certifying this action as a class action under Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the Rule 23 Class Members and appointing Plaintiff and his counsel to represent the Class Members;

b.　　Designating this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice under 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue under 29 U.S.C. § 216(b) and appointing Plaintiff and his counsel to represent the Collective Action Members and tolling of the statute of limitations;

c.　　A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the Labor Law;

d.　　An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

e. An award for unpaid minimum wages under the Labor Law and the FLSA;

f. An award for unpaid overtime premium pay under the Labor Law and the FLSA;

g. An award for unpaid spread-of-hours pay under the Labor Law;

h. An award for failing to provide the N.Y. LAB. LAW § 195.1 Notice;

i. An award for failing to provide the N.Y. Lab. Law § 195.3 Wage Statements;

j. An award of liquidated damages as a result of Defendants' Labor Law violations;

k. An award of liquidated damages as a result of Defendants' willful FLSA violations;

a. Equitably tolling the statute of limitations under the FLSA;

b. An award of pre-judgment and post-judgment interest;

c. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

d. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all questions

of fact the Complaint raises.

Dated: New York, New York
      October 19, 2020

                LIPSKY LOWE LLP

                s/ Douglas B. Lipsky
                Douglas B. Lipsky
                Alfons D'Auria
                420 Lexington Avenue, Suite 1830
                New York, New York 10170
                Tel: 212.392.4772
                Fax: 212.444.1030
                doug@lipskylowe.com
                alfons@lipskylowe.com

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of GRACE 365 GROUP LLC, d/b/a Macchina, HANOVER VENTURES, LLC, ANDRES VALBUENA and RAMON MORADO, jointly and severally, to pay me the wages owed as required under the Fair Labor Standards Act and/or New York Labor Law and also authorize the filing of this consent in the action(s) challenging such conduct, and to preserve and pursue any claim that I may have to the greatest extent possible. I expressly consent to the use of this consent form for purposes of making me a party plaintiff in any lawsuit and/or lawsuits that Lipsky Lowe LLP has brought and/or may bring on my behalf and other employees alleged to be similarly situated.

10/1/2020
_____     _____
Signature                                Date


_Armando Cortes_____
Print Name