


Douglas B. Lipsky - Partner

420 Lexington Avenue, Suite 1830
New York, New York 10170-1830
Main: 212.392.4772
Direct: 212.444.1024
Fax: 212.444.1030
doug@lipskylowe.com

www.lipskylowe.com

August 9, 2021

VIA ECF
The Honorable Jesse M. Furman, U.S.D.J.
U.S. District Court for the Southern District of New York
40 Foley Square
New York, New York 10007

Re: Cortes v. Grace 365 Group LLC, *et al.*, 1:20-cv-8704 (JMF)

Dear Judge Furman:

This firm represents Plaintiff Armando Cortes and Opt-In Plaintiff Alexys Forrest (collectively "Plaintiffs") in this Fair Labor Standards Act matter. With the parties having reached a settlement, we submit the settlement agreement for the Court's consideration and approval as fair under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

Factual and Procedural Background

I. Summary of Plaintiffs' Claims As Alleged in the Complaint

Defendant Macchina is an Italian restaurant located at 365 Third Avenue, New York, New York 10016, and the individual Defendants are its owners and operators. Defendants employed Plaintiff Cortes as a busser, food runner, and waiter from approximately February 2018 until approximately May 2019. Defendants employed Plaintiff Forrest as a waitress from approximately June 2018 until approximately December 2018.

On October 19, 2020, Plaintiff Cortes filed his initial Complaint, asserting various wage and hour claims under the New York Labor Law and the FLSA, including failure to pay the minimum wage and failure to pay overtime. On June 1, 2021, Plaintiff Forrest joined this action as an Opt-In Plaintiff pursuant to the FLSA, 29 U.S.C. § 216(b). Plaintiffs estimate that their damages total approximately $52,588, exclusive of liquidated damages.

II. Summary of Defendants' Defenses As Expressed Throughout Litigation

Defendants strongly deny all allegations of wrongdoing or that Plaintiffs are owed any money for unpaid wages. Defendants dispute the number of hours Plaintiffs claim they worked and claim that Plaintiffs were properly paid overtime and for all hours worked.





Defendants, throughout the litigation, produced various time and pay records that they claim illustrate that Plaintiffs were paid properly throughout their employment.

III. Settlement Negotiation History and Settlement Terms

On July 19, 2021, the parties participated in this Court's mediation program with Darren P.B. Rumack as the assigned mediator. The mediation was successful, with the parties agreeing to resolve this matter for $20,000.00.

$12,788.01 of the $20,000.00 will be paid to Plaintiffs as follows: $9,335.25 will be paid to Plaintiff Cortes and $3,452.76 will be paid to Plaintiff Forrest. This allocation between the two Plaintiffs reflects their individual damages as a proportionate share of the total settlement: Cortes' total damages equal $38,376; Forrest's total damages equal $14,212; their total damages equal $52,588, with Cortes' damages making 73% of that amount and Forrest 27%; and Cortes is receiving 73% of the $12,788.01 and Forrest 23%. The remaining $7,211.99 will be paid to Plaintiffs' counsel, Lipsky Lowe, for attorneys' fees and expenses: $6,666.67 in attorneys' fees and $545.32 in expenses. The $6,666.67 in attorneys' fees equals one-third of the $20,000.00 settlement.

IV. Procedural History

This action was commenced on October 19, 2020.[1] On June 1, 2021, Plaintiff Forrest opted-in to this action.[2] On July 19, 2021, the parties attended Court-annexed mediation and were able to resolve the matter. On July 20, 2021, the final report of mediator notified the Court that a resolution had been reached on all claims.[3] When the settlement was reached, the parties had exchanged written discovery, but depositions had not occurred.

Legal Argument

I. The Settlement Agreement Should Be Approved As It Is Fair and Reasonable Under the Circumstances and Complies with *Cheeks v. Freeport Pancake House, Inc.*

A. The Settlement Agreement is Fair and Reasonable

To determine whether a proposed settlement is fair and reasonable, a court should consider the totality of circumstances. This includes at least five factors: (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion. *Wolinsky v. Scholastic Inc.*, No. 11-cv-5917 (JMF), 2012 U.S. Dist. LEXIS 93918, at *4-5 (S.D.N.Y. July 5, 2012) (citing

[1] Dkt. No. 1.
[2] Dkt No. 36.
[3] Dkt. No. 43.





*Medley v. Am. Cancer Soc*., No. 1:10-cv-3214 (BSJ), 2010 U.S. Dist. LEXIS 75098, at *3 (S.D.N.Y. July 23, 2010)).

In considering these factors, courts may enter judgment on a basis that does not require full payment of plaintiff's claims or liquidated damages. This is appropriate where, like here, a strong disagreement exists on the facts. *See Sampaio v. Boulder Rock Creek Developers, Inc.*, No. 1:07-cv-153 (ETB) 2007 U.S. Dist. LEXIS 66013, *3 (E.D.N.Y. Sept. 6, 2007) (approving settlement as reasonable in light of no documentation of the hours that plaintiff worked, the parties' disputes on the number hours plaintiff worked, and the "respective burdens the parties face with respect to their claims and defenses"). And it is certainly appropriate where, like here, some documentary evidence exists on the number of hours worked and payroll records exist – evidence that Defendants will use to their advantage. *See Elliott v. Allstate Investigations, Inc.*, No. 07-cv-6078 (DLC), 2008 U.S. Dist. LEXIS 21090, at *5-6 (S.D.N.Y. Mar. 19, 2008) (approving a settlement that was less than plaintiff's claims where plaintiff lacked documentary evidence to support his claims); *Sampaio v. Boulder Rock Creek Developers, Inc*., No. 07-cv-153 (ETB) 2007 U.S. Dist. LEXIS 66013, *3 (E.D.N.Y. Sept. 6, 2007) (approving settlement as reasonable in light of no documentation of the hours that plaintiff worked, the parties' disputes on the number hours plaintiff worked, and the "respective burdens the parties face with respect to their claims and defenses").

1. The Plaintiff's Range of Possible Recovery

By receiving $12,788.01 in the settlement, Plaintiffs will receive almost 25% of their claimed recovery of approximately $52,588. This amount, however, is reasonable because Defendants strongly deny any wrongdoing and produced contemporaneous time and pay records that they claim establish the hours that Plaintiffs worked and that they paid him in full accordance with the law. Additionally, Defendants have produced records demonstrating a serious inability to pay a judgment any larger in size than the settlement amount. If this case proceeded to trial, it is possible that Plaintiffs would be awarded a sum far less than the settlement amount, or that even if Plaintiffs prevailed, that they would only be able to recover a sum far less than the settlement amount.

2. The Settlement Will Avoid the Parties' Burdens and Expenses

The settlement avoids the burden, expense and aggravation that come with litigation. While written discovery occurred, depositions would need to occur if this case were to proceed. The settlement, however, avoids the need to conduct this discovery, warranting approval. *See Chowdury*, 2017 U.S. Dist. LEXIS 196469, at *6 (approving settlement, in part, because the settlement avoids the need for depositions).

3. The Parties Faced Serious Litigation Risks

The settlement will enable Plaintiffs to avoid litigation risk. The three most disputed issues for Plaintiffs are the hours they worked, whether they were paid overtime, and whether Defendants properly tracked and allocated tipped compensation. This risk is exacerbated by the existence of time and pay records Defendants produced. A risk,





therefore, exists that the fact finder may believe Defendants over them and award them nothing. *See Chowdury*, 2017 U.S. Dist. LEXIS 196469, at *6 (approving settlement, in part, because defendants disputed the hours the plaintiff worked); *See Marshall v. Deutsche Post DHL & DHL Express (USA) Inc.*, 1:13-cv-1471 (RJD) (JO), 2015 U.S. Dist. LEXIS 125869, at *13 (E.D.N.Y. Sept. 21, 2015) (explaining because the case was not a "slam dunk" these factors favor approval).

4. The Settlement Is the Product of Arm's-Length Negotiations With No Possibility of Fraud or Collusion

Plaintiffs' counsel has significant experience practicing employment law: Lipsky Lowe LLP regularly represents individuals and putative class member in wage and hour cases in federal and state court; Mr. Lipsky (partner on the case) has practiced employment law for 17 years; and Mr. D'Auria (associate) has practiced employment law for 3 years. Defense counsel is likewise experienced in defending wage and hour cases. Utilizing this experience, the parties reached a settlement through meaningful discussions absent any fraud or collusion. This favors approval. *See Muhammed v. NY Nash Deli & Grovery Corp.*, No. 1:18-cv-10233 (PAC), 2019 U.S. Dist. LEXIS 184495, at *4 (S.D.N.Y. Oct. 23, 2019) ("The proposed settlement was negotiated at arm's-length between competent attorneys experienced in the practice area of wage-and-hour litigation, lessening concerns of fraud or collusion between the parties."); *Hernandez v. Loco 11 Inc.*, No. 1:17-cv-666 (RA), 2017 U.S. Dist. LEXIS 200406, at *6 (S.D.N.Y. Dec. 5, 2017) (approving settlement, in part, based on plaintiff's counsel's experience in wage and hour cases).

B. The Settlement Agreement Complies with Second Circuit Precedent

In August 2015, the Second Circuit resolved an arguably unsettled issue: parties cannot privately settle FLSA claims without either the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). The Court also explained in *dicta* when an FLSA settlement is valid. *Id*. Namely, it questioned the validity of agreements that contain confidentiality provisions, single-sided general releases and attorneys' fees that go beyond a certain percentage. *Id.*; *see Souza v. 65 St. Marks Bistro*, No. 15-cv-327 (JLC), 2015 U.S. Dist. Lexis 151144, at *8 (S.D.N.Y. Nov. 6, 2015). None of those issues are present in the Agreement. The Agreement is *Cheeks* compliant.

1. The Agreement Will Be Publicly Filed

The Agreement does not contain a confidentiality provision and the parties acknowledge that it will be publicly available and filed on the CM/ECF system. This concern accordingly does not exist, favoring approval.[4]

[4] Fully Executed Settlement Agreement is attached hereto as Exhibit A.





2. The Agreement Contains a Limited Release

The Agreement's release is limited only to the claims associated with the FLSA and Labor Law.[5] This term likewise favors approval.

3. The Non-Disparagement Clause Allows for Truthful Statements

The Non-Disparagement Clause contained in the Agreement allows for truthful statements by the Plaintiffs about this Action.[6] The concern of a fill non-disparagement clause accordingly does not exist, favoring approval.

II. The Court Should Approve Plaintiffs' Counsel's Fees and Expenses, as the Amount is Reasonable

Plaintiffs' counsel shall receive under the Agreement, subject to the Court's approval, $6,666.67 in attorneys' fees, equaling one-third of the $20,000.00 settlement, and $545.32 in expenses. This request is reasonable under the governing standard and the surrounding circumstances.

A. Counsel's Fees of Slightly Less Than One-Third of The Settlement Is Reasonable and Regularly Approved

Counsel's fee request of $6,666.67 equals one-third of the $20,000.00 settlement. This amount is reasonable as contingency fees of one-third in the FLSA context are routinely approved. *Garcia v. Good for Life by 81*, 1:17-cv-7228 (BCM), 2018 U.S. Dist. LEXIS 117437, *8 (S.D.N.Y. July 12, 2018) ("Under the percentage of the fund method, which the Court applies here, attorneys' fee awards of one third or less of the total settlement amount are frequently accepted in this District."); *Santos v. EL Tepeyac Butcher Shop Inc.*, 1:15- cv-814 (RA), 2015 US. Dist. Lexis 168186 (S.D.N.Y. Dec. 15, 2015) (recognizing courts within this district regularly approve one-third of the settlement amount as attorneys' fees); *Rangel v. 639 Grand St. Meat & Produce Corp,* 1:13-cv-3234 (LB) 2013 U.S. Dist. Lexis 134207 (E.D.N.Y. Sep. 19, 2013) (approving attorney's fees of one-third of FLSA settlement amount, plus costs, pursuant to plaintiff's retainer agreement, and noting that such a fee arrangement "is routinely approved by courts in this Circuit"). It remains reasonable for counsel to receive one-third of the fund even when the plaintiff is not receiving 100% of his or her claimed damages. *Emiliano Nieto Zepeda v. Baggio, Ltd.*, No. 1:17-cv-2290 (VB), 2017 U.S. Dist. LEXIS 143332, at *2 (S.D.N.Y. Sept. 1, 2017) (approving one-third request when plaintiff is receiving 50% of his claimed damages); *Romero v. ABZ Corp.*, 1:14-cv-3653 (HBP), 2017 U.S. Dist. Lexis 90137, at * 10 (S.D.N.Y. June 12, 2017) (approving one-third fees when plaintiff receives 2/3 of his claimed damages).

Also, this firm assumed a meaningful financial risk when agreeing to represent Plaintiffs: counsel invested its time and efforts and advanced expenses with no guarantee of compensation. Indeed, in unsuccessful cases, this firm does not recover anything despite

[5] Agreement ¶ 3.

[6] Agreement ¶ 8.





investing its time and money. This assumption of risk further favors approving the one-third contingency fee. *See Garcia v. Pancho Villa's of Huntington Vill, Inc.*, No. 1:09-cv-486 (ETB), 2012 U.S. Dist. LEXIS 144446, at *20 (E.D.N.Y. Oct. 4, 2012); *Campos v. Goode*, No. 1:10-cv-224 (DF), 2011 U.S. Dist. LEXIS 22959, at *19 (S.D.N.Y. Mar. 4, 2011).

B. Plaintiff's Counsel's Fees Are Further Reasonable Considering Their Hourly Rates and Hours Expended

Lipsky Lowe has expended more than 35 hours on this matter, billing Douglas B. Lipsky's (partner) work at an hourly rate of $400, and Alfons D'Auria's (associate) work at an hourly rate of $250, totaling in excess of $10,000.00 in fees.[7] These hours and hourly rates are reasonable.

1. Counsel's Hourly Rates Are Reasonable

Counsel's hourly rates are reasonable. A reasonable hourly rate is one which a "paying client would be willing to pay." *Arbor Hill*, 522 F.3d at 184. To find a reasonable hourly rate, the Court must determine whether the requested rates are "in line with those rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Reiter v. MTA N.Y.C. Transit Auth., 457 F.3d 224, 232* (2d Cir. 2006).

Counsel requests a rate of $400 for partner Douglas B. Lipsky, which is reasonable considering his background: he has practiced employment law for 17 years; he is a member of the New York State Bar Association, Wage and Hour Committee; he has presented on numerous issues, including presenting to the New York State Academy of Trial Lawyers on employment law and the FLSA; he was a contributing authority on a treatise on wage and hour litigation, Wage & Hour Collective and Class Litigation, ALM Law Journal Press (2012); prior to founding Lipsky Lowe, he was an associate at Seyfarth Shaw LLP in its employment law practice group, which is consistently ranked as one of the top employment practice groups in the Country.[8] Courts, recognizing this background, have previously approved this rate. *See Rosado v. The French Paradox Inc., et al.*, 1:20-cv-7788 (MKV) (S.D.N.Y. April 26, 2021) (approving Lipsky's $400 rate); *Patrascu v. Frederic Fekkai New York LLC*, 1:19-cv-1376 (VEC) (S.D.N.Y. June 17, 2020) (same); *Owens v. Fresh Direct LLC*, 1:14-cv-1909 (VEC) (S.D.N.Y. Oct. 30, 2015) (approving one-third fee request in which, for lodestar purposes, Lipsky's hourly rate was $400); *Spencer v. No Parking Today, Inc., et al.*, No. 12-cv-6323 (ALC) (AJP), Dkt. No. 237 (S.D.N.Y. Feb. 20, 2015) (approving one-third fee request in which, for lodestar purposes, Lipsky's hourly rate was $400); *Ceka v. PBM/CMSI Inc.*, No. 12-cv-1711 (DAB), 2014 U.S. Dist. LEXIS 168169, *20 (S.D.N.Y. Dec. 2, 2014) (same). Furthermore, Courts in this District have routinely approved the rate requested here for attorneys of similar experience. *See e.g., Garcia v. Hirakegoma Inc.*, 1:17-cv-7608 (SLC), 2020 U.S. Dist. LEXIS 40637 at *29

[7] Contemporaneous time records for Plaintiffs' counsel are attached hereto as Exhibit B.
[8] https://www.seyfarth.com/news-insights/law360-names-seyfarth-practice-group-of-the-year-in-employment-law-for-2020.html





(S.D.N.Y. Mar. 9, 2020) ("In this district, courts generally award experienced wage-and-hour attorneys between $300 to $400 per hour"); *Pastor v. Alice Cleaners, Inc.*, 1:16-cv-7264 (JLC), 2017 U.S. Dist. LEXIS 192806 at *17 (S.D.N.Y. Nov. 21, 2017) ("Courts find rates in the $250 to $450 range reasonable for experienced litigators working on wage-and-hour cases). Also, Mr. Lipsky regularly represents individuals who pay him an hourly rate that exceeds $500, underscoring the reasonableness of the requested rate.

Counsel requests an hourly rate of $250 for third-year associate Alfons D'Auria. He graduated in 2018 from Tulane University Law School and has since practiced exclusively in employment law. He has extensive experience representing both individual and class/collective plaintiffs in wage and hour and employment discrimination matters. A court in this District recently approved this rate for Mr. D'Auria. *See Desrosiers v. Securitas Security Services USA, Inc.*, 1:21-cv-00752 (LGS) (S.D.N.Y. July 20, 2021) (approving one-third fee request in which, for lodestar purposes, D'Auria's hourly rate was $250). Additionally, courts six years ago approved similar rates for attorneys with comparable experience. *See Rosendo v. Everbrighten Inc.*, 2015 U.S. Dist. LEXIS 50323, at *23-24 (S.D.N.Y. Apr. 7, 2015) (awarding an hourly rate of $225 to an associate with three years of litigation experience); *Baltierra v. Advantage Pest Control Co.,* 2015 U.S. Dist. LEXIS (Sept. 18, 2015) (setting the hourly rate of a third-year associate at $225). As with Mr. Lipsky, when Mr. D'Auria represents individuals who pay an hourly rate, Lipsky Lowe LLP charges them rates that exceed $300, which is greater than the requested rate.

These rates are further reasonable when considering hourly rates are not stagnant: they generally increase each year, resulting in the market rate for a junior associate in 2021 being greater than what it was in 2015. The average attorney hourly rates in New York, in fact, increased by 3% in 2020.[9] It accordingly follows that the hourly rates that were approved in earlier years do not reflect what those rates would be in today's market for someone with the same experience. Putting this in context, the $225 hourly rate that was approved in 2015 for the third year associate in *Baltierra v. Advantage Pest Control Co.*, would be $258 in today's market.[10]

On top of this, Counsel's lodestar of $10,048.97 is greater than the $6,666.67 fee request. This, likewise, emphasizes the reasonableness of the requested amount.

C. <u>Counsel Are Entitled to Their Expenses</u>

Plaintiffs' Counsel is entitled to recover their expenses in addition to their reasonable fees. *See* 29 U.S.C. § 216(b); N.Y. Lab. Law §§ 198(1-a), 663. These include reimbursement for, by way of example, filing fees. *See Marquez v. Erenler, Inc.*, No. 12-cv-8580 (GHW), 2014 U.S. Dist. LEXIS 159128, at *9 (S.D.N.Y. Nov. 10, 2014) (awarding filing and transcript fees, and process server expenses); *Morris v. Affinity Health*

[9] https://www.attorneyatwork.com/solo-and-small-firm-lawyer-hourly-rates/
[10] $225 x 1.03^5 = $258.





*Plan, Inc*., 859 F. Supp. 2d 611, 624 (S.D.N.Y. 2012) (awarding expenses including filing fees and postage).

Here, Counsel is seeking $545.32 in expenses.[11] As this amount is for the filing fee, service of process, and collective action mailings on this matter, Plaintiffs' Counsel should be reimbursed.

## III. Conclusion

For the foregoing reasons, the parties respectfully submit the Court should approve the Agreement as fair and reasonable and approve Counsel's requested fees and expenses.

We thank the Court for its time and attention to this matter.

Respectfully Submitted,
LIPSKY LOWE LLP

s/ Douglas B. Lipsky
Douglas B. Lipsky

cc: All Counsel of Record (via ECF)

[11] Detailed documentation and contemporaneous records of the expenses for which Plaintiffs' counsel seeks an award are attached hereto as Exhibit C.