UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
                                        :

ARMANDO CORTES, et al.,                    :

                                             :

                        Plaintiffs,      :          20-CV-8704 (JMF)

                                           :

               -v-                    :        <u>ORDER APPROVING</u>
                                         :           <u>SETTLEMENT</u>

GRACE 365 GROUP LLC, et al.,        :

                                           :

                       Defendants.    :

                                           :
----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       The Court was advised that the parties to this action, brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, had agreed to a settlement.  By Order entered on July 21, 2021, the Court directed the parties to submit a joint letter explaining the basis for the proposed settlement and why it should be approved, with reference to the factors set forth in *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012).  *See* ECF No. 44.

       The Court, having reviewed the parties' letter, dated August 9, 2021, finds that the settlement is fair and reasonable, given both the nature and scope of the Plaintiffs' individual claims as well as the risks and expenses involved in additional litigation.  *See Wolinsky*, 900 F. Supp. 2d at 335-36.  Although the FLSA places "strict limits on an employee's ability to waive claims . . . for fear that employers would [otherwise] coerce employees into settlement and waiver," *id.* at 335 (citation omitted), these concerns are not as relevant when the plaintiff no longer works for the defendant, as is the case here, *see, e.g.*, *Lopez v. Poko-St. Ann L.P.*, 176 F. Supp. 3d 340, 344 (S.D.N.Y. 2016) (fact that plaintiffs are "no longer employees of the defendants . . . reduc[es] the danger that the release was obtained through improper job-related pressure").

       The settlement approval is subject to the following condition:  Any modification of the settlement agreement must be approved by the Court, regardless of any provision in the agreement that purports to allow the parties alone to modify it.

       In addition, Plaintiff seeks approval of $6,666.67 in attorney's fees, which is 33.3 % of the settlement amount of $20,000, as well as $545.32 in costs.  *See* ECF No. 48, at 2.  Courts in this Circuit typically approve attorney's fees that range between 30% and 33%.  *See Guzman v. Joesons Auto Parts*, No. 11-CV-4543 (ETB), 2013 WL 2898154, at *4 (E.D.N.Y. June 13, 2013) (collecting cases); *see also, e.g.*, *Silverstein v. AllianceBernstein LP*, No. 09-CV-5904 (JPO), 2013 WL 6726910, at *9 (S.D.N.Y. Dec. 20, 2013); *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 481 (S.D.N.Y. 2013).  In line with that precedent, attorney's fees in the amount of one-third of

the recovery is appropriate here.  (The propriety of the proposed award is also confirmed by Plaintiff's counsel's billing records, showing approximately 35 hours devoted to this case, making the effective hourly rate around $190.  *See, e.g., Gamero v. Koodo Sushi Corp.*, 328 F. Supp. 3d 165, 174 (S.D.N.Y. 2018) (Noting that "[r]ecent decisions from this District have awarded [an associate on an FLSA case] an hourly rate of between $200 and $250."); *Agudelo v. E & D LLC*, No. 12-CV-960 HB, 2013 WL 1401887, at *2 (S.D.N.Y. Apr. 4, 2013) (in FLSA case, reducing named partner's rate to $350 per hour, the rate for the "second-most senior attorney" to $250 per hour, and the junior associate's rate to $200 per hour).)

Accordingly, the Court approves the settlement subject to the condition addressed above. The Court dismisses the case with prejudice.  All pending motions are moot.

The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: August 10, 2021
    New York, New York

_____
JESSE M. FURMAN
United States District Judge

2